LEWIS C. WELLBORN, USE, ETC., *v.* FREDERICK MULLER.

MUNICIPALITIES. *Surveys. Town lots. Plats. Failure to record. Sales. Penalty. Code* 1892, *§* 4403. *Construction.*

Code 1892, § 4403, imposing a penalty for selling lots in a municipality, or subdivision thereof or addition thereto, thereafter laid out, without first having a plat thereof prepared and recorded, has no application to a municipality incorporated before it became operative nor to private surveys made before that time.

FROM the circuit court of, second district, Marion county.

HON. WILLIAM T. MCDONALD, Judge.

Wellborn, the appellant, suing for the use of Marion county, of which county he was the chancery clerk, was plaintiff, and

Muller, appellee, was defendant in the court below. From a judgment in defendant's favor the plaintiff appealed to the supreme court.

The town of Purvis was incorporated in 1888, and elected to come under the code chapter on "Municipalities." Appellee, Frederick Muller, owned a tract of land in the municipality. Before he bought the land some one had a part of these lands, which were afterwards embraced in the municipality of Purvis, mapped and platted and laid off in town lots. This map was never recorded. Some time in 1902 appellee sold some of these lots in said town by reference to the map so made. This is an attachment suit brought by appellant against appellee, who is a nonresident, to recover the penalty of $200 prescribed by § 4403, Code 1892, for selling lots in the town without first having the map recorded. This case was tried in the court below before the judge, a jury having been waived.

*C. G. Mayson*, for appellant.

*Fewell & Son*, for appellee.
[The reporter has been unable to find the briefs of counsel in this case.]

TRULY, J., delivered the opinion of the court.

Section 4403, Code 1892, provides for the imposition and collection of a penalty from any person who shall sell lots in any town or subdivision thereof or addition thereto "hereafter laid out," who shall not first have a plat thereof prepared in the manner required by law and duly recorded. This statute was intended to deal with towns subsequently incorporated, or with additions to such towns surveyed and platted after its enactment. It has no application to plats of towns which were previously incorporated, even if such plats were not duly recorded, and it has no reference to private surveys made prior to its passage. Being a statute of highly penal character, it must be strictly construed.

*Affirmed.*